UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEIDE F. DACRUZ-CROSSELY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 12-10692-JLT |
| | * |
| U.S. BANK NATIONAL ASSOCIATION | * |
| AS TRUSTEE FOR ASSET BACKED | * |
| PASS THROUGH CERTIFICATES | * |
| SERIES 2004-WWF1, | * |
| | * |
| Defendant. | * |

MEMORANDUM

March 4, 2013

TAURO, J.

I.      Introduction

Leide DaCruz-Crossely ("Plaintiff") brings this suit against U.S. Bank National Association as Trustee for Asset Backed Pass Through Certificates Series 2004-WWF1 ("Defendant") seeking an injunction against foreclosure and a declaratory judgment that Defendant is not the proper "holder" of her mortgage.  Because Plaintiff's claims are barred by claim preclusion, Defendant's Motion to Dismiss [#2] is ALLOWED.

II.     Factual Background

Plaintiff alleges the following facts in her Verified Complaint. On September 29, 2004, Plaintiff obtained a mortgage loan from Argent Mortgage Company, LLC ("Argent") and executed a promissory note in favor of Argent in the amount of $358,150 ("Note").[1]  To secure the loan, Plaintiff granted Argent a mortgage on her property located at 25 Hilldale Road,

---

[1] State Ct. R. 34 (V. Compl. ¶ 19) [# 4] [hereinafter "V. Compl."].

Ashland, Massachusetts ("Mortgage").[2]

Argent ceased operations on August 31, 2008.[3] On February 25, 2009, Argent purportedly assigned the Note and Mortgage to Defendant.[4] The assignment was executed before a notary public, signed by Patricia Olvera as vice-president of Argent, and recorded at the Middlesex County Registry of Deeds.[5]

The Defendant trust's governing documents, including the Prospectus Supplement and Pooling and Servicing Agreement, state that the corpus of the trust must be transferred to the trust by the "Depositor" and by the "Closing Date."[6] The governing documents further define the "Depositor" as Park Place Securities Inc., and the "Closing Date" as November 12, 2004.[7]

Plaintiff filed this action on March 27, 2012. Plaintiff seeks an injunction against foreclosure and a declaratory judgment that Defendant is not the proper "holder" of her Mortgage. Plaintiff seeks these remedies on three grounds: (1) the assignment of the Mortgage from Argent to Defendant was invalid because Argent did not exist at the time of the assignment, (2) the assignment was invalid because it did not comply with the trust's governing documents, and (3) Defendant has not produced the original Note. Plaintiff also brings a claim for slander of title based on Defendant's act of recording the allegedly erroneous assignment.

---

[2] V. Compl. ¶ 20.

[3] V. Compl. ¶ 29.

[4] V. Compl. ¶ 28.

[5] V. Compl. ¶¶ 34, 80; V. Compl. Ex. C, D (Assignment) [#1-3].

[6] V. Compl. ¶¶ 37-40.

[7] V. Compl. ¶¶ 38, 41.

Plaintiff previously brought another action against Defendant in relation to this Mortgage in Massachusetts Superior Court on April 8, 2009.[8] In that action, Plaintiff sought a declaration of the rights of the parties and sought to enjoin Defendant from foreclosing under Mass. Gen. Laws ch. 93A, the covenant of good faith and fair dealing, and Mass. Gen. Laws 183C.[9] On May 11, 2009, the Superior Court granted a temporary restraining order against foreclosure.[10] On October 20, 2009, the court denied a preliminary injunction.[11] Ultimately, the Superior Court granted summary judgment to Defendant on September 15, 2011.[12]

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) on several grounds. Because this court finds that Plaintiff's claims are barred by claim preclusion, this court need not address Defendant's alternative grounds for dismissal.

III.   Discussion

   A.   Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[13] The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.[14] The court need not, however,

---

[8] V. Compl. ¶¶ 4-5.

[9] V. Compl. ¶ 6;  V. Compl. Ex. B (Amended Complaint) [#1-3].

[10] V. Compl. ¶ 7.

[11] V. Compl. ¶ 8.

[12] V. Compl. ¶ 13.

[13] Fed. R. Civ. P. 8(a)(2).

[14] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

accept the plaintiff's legal conclusions as true.[15] To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."[16]

      B.      Claim Preclusion

In federal courts, Massachusetts law governs the preclusive effect of prior Massachusetts state court judgments.[17] Accordingly, this court applies the Massachusetts doctrine of claim preclusion and finds that the Superior Court's grant of summary judgment to Defendant on September 15, 2011, bars Plaintiff's present claims.

Under Massachusetts law, the doctrine of claim preclusion prevents a party from litigating a claim that the party "had the opportunity and incentive to fully litigate . . . in an earlier action."[18] The doctrine rests on the policies of finality and judicial economy and protects parties from repeated litigation arising out of the same subject matter.[19] There are three essential elements for claim preclusion: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."[20]

---

[15] Id.

[16] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[17] Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008); McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006).

[18] Giragosian, 547 F.3d at 63 (citing Korbin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005)).

[19] See Id. at 65 ("[T]he purposes of claim preclusion . . . are to protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." (citations and internal quotation marks omitted)); Saint Louis v. Baystate Med. Ctr., Inc., 568 N.E.2d 1181, 1185-86 (Mass. App. Ct. 1991).

[20] Korbin, 832 N.E.2d at 634 (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)).

All three elements are satisfied in this case. The first and third elements are not in dispute. The parties to both actions are the same, and the Superior Court's grant of summary judgment was a final judgment on the merits.

Under the second element, causes of action are identical if they arise out of the "same transaction or series of connected transactions."[21] "What factual grouping constitutes a transaction is to be determined pragmatically, giving weight to such factors as whether the facts are related in time, space and origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations."[22]

Claim preclusion bars litigation even if the plaintiff is prepared to present different evidence or legal theories in the second case.[23] "Discrete theories of liability may constitute identical causes of action for claim preclusion purposes if they are based on the same nucleus of operative facts."[24] "[T]he guiding principle is that [a plaintiff] is precluded from litigating not only those claims that were actually decided in the [prior] case but also those that could have been brought in that action."[25]

---

[21] McDonough, 452 F.3d at 16 (quoting TLT Const. Corp. v. A. Anthony Tappe, 716 N.E.2d 1044, 1052 (Mass. App. Ct. 1999)); see Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 52 (1st Cir. 2008) ("Massachusetts deems causes of action identical for claim preclusion purposes if they grow out of the same transaction, act, or agreement, and seek redress for the same wrong.").

[22] McDonough, 452 F.3d at 16 (quoting Mancuso v. Kinchla, 806 N.E.2d 427, 438 (Mass. App. Ct. 2004)).

[23] Massaro v. Walsh, 884 N.E.2d 986, 990 (Mass. App. Ct. 2008) (citing Heacock v. Heacock, 520 N.E.2d 151, 153 (Mass. 1988)).

[24] Andrew Robinson Int'l, 547 F.3d at 52.

[25] Bui v. Ma, 818 N.E.2d 572, 579 (Mass. App. Ct. 2004) (citing Charlette v. Charlette Bros. Foundry, Inc., 793 N.E.2d 1268, 1277 (Mass. App. Ct. 2003)).

Plaintiff's claims in this action and in the Superior Court action are identical for claim preclusion purposes because they arose from the "same transaction or series of connected transactions" and involve the "same nucleus of operative facts."[26]  In both actions, Plaintiff challenged Defendant's ability to enforce the Mortgage and foreclose on her property.  Both actions arose from the same Mortgage contract and sought the same objectives: (1) an injunction against foreclosure, and (2) a declaration of the parties' rights vis-a-vis the Mortgage.  Here, Plaintiff "merely introduced a new ground to support the same cause."[27]  Plaintiff could have brought her present claims in the first action.  All the facts that form the basis of her present claims existed at that time.  Defendant is entitled to protection from multiple, consecutive suits challenging its ability to foreclose on the same property under the same Mortgage.[28]

Plaintiff advances one argument in opposition to preclusion.  She argues that claim preclusion does not apply because, in this suit, Plaintiff is challenging Defendant's "standing" to foreclose, and standing is not waivable.  Plaintiff's argument confuses the concept of Article III standing (which is non-waivable) with the use of the term "standing" in foreclosure law.[29]  Article

---

[26] See Kucharski v. Tribeca Lending Corp., 620 F. Supp. 2d 147, 150-51 (D. Mass. 2009) (holding plaintiff's Truth in Lending Act, fraud, and breach of fiduciary duty claims barred by plaintiff's prior suit against mortgagee challenging the validity of foreclosure); see also R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 183-84 (1st Cir. 2006); Kelly v. NovaStar, 637 F. Supp. 2d 34, 37-39 (D.D.C. 2009) (reaching a similar result under the transactional test); Fassas v. First Bank & Trust Co., 233 N.E.2d 924, 925 (Mass. 1968).

[27] Fassas, 233 N.E.2d at 925.

[28] See Kucharski, 620 F. Supp. 2d at 150-51; Saint Louis v. Baystate Med. Ctr., Inc., 568 N.E.2d 1181, 1187 (Mass. App. Ct. 1991) ("The defendants were entitled to have the case concluded rather than embracing another three-year (or more) round, with a concomitant period of legal skirmishing.").

[29] See McKenna v. Wells Fargo Bank, No. 10-10417-JLT, 2011 WL 1100160, at *1-2 (D. Mass. Mar. 21, 2011).

III standing is the constitutional requirement that a plaintiff suffer an injury-in-fact, caused by the defendant and redressable by the court, in order to bring a lawsuit in federal court.[30]  Defendant does not need Article III standing to defend this suit or to proceed with non-judicial foreclosure. Accordingly, Plaintiff's claims are subject to the doctrine of claim preclusion.

IV.   Conclusion

Because Plaintiff had a full and fair opportunity to challenge foreclosure in the Superior Court action, Plaintiff's present claims are barred by claim preclusion.  Defendant's Motion to Dismiss [#2] is ALLOWED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge

---

[30] Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).